# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60125
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 5, 2016

Lyle W. Cayce
Clerk

SAMMY MOZINGO,

      Plaintiff - Appellant

v.

OIL STATES ENERGY, INCORPORATED,

      Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:14-CV-924

Before HIGGINBOTHAM, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Plaintiff Sammy Mozingo appeals the grant of summary judgment in favor of Defendant Oil States Energy, Inc. ("Oil States") on his claims under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA"). Because the statute of limitations bars Mozingo's claim, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60125

## I. Background

Mozingo worked for Oil States as a field supervisor beginning in November 2010. He worked 30 days "on," and 10 days "off." His on days were spent in Pennsylvania, and on his days off he would return to Mississippi. Mozingo's immediate supervisor was Quentin Breaux, and his regional manager was Tim Haynes.

From January to March 2012, Mozingo took FMLA leave to care for his wife. On May 15, 2012, Mozingo learned that his father, who was in declining health, was in need of help. According to his declaration submitted in opposition to summary judgment, Mozingo notified Haynes that he would need FMLA leave to take care of his father.[1] Mozingo also spoke to Rhonda Totten in Human Resources, who told Mozingo that his leave was covered by FMLA. Mozingo's return-to-work date was left open.[2]

Once he returned to Mississippi, Mozingo visited his father, and the two argued. Mozingo's father subsequently alleged that Mozingo had assaulted him, and Mozingo was arrested and given a June 13 court date. Mozingo contacted Breaux sometime between May 18 and May 23 to let him know what happened and that he would return to work after the court date. Haynes called Mozingo on June 1, 2012, and terminated him for failing to report to work.

---

[1] In his deposition, Haynes stated that he proposed allowing Mozingo to take "his days off early, take care of his family, . . . and then come back."

[2] On May 15, 2012, Haynes sent Mozingo an email stating, "[y]our scheduled days off have been moved up, for this time only, to start with your flight home on May 16, 2012, and to return to work on May 25. I require a phone call to your Product Line Manager, Quentin Breaux, on May 23, 2012[,] to confirm you will be back at work and an estimated time you will be arriving." The email goes on to state, "[b]y now you should have been contacted by our HR representative to discuss the possibility of FMLA . . . , if it becomes necessary for you. Please follow their[] and the packet instructions completely if this is needed. If you fall within the parameters of this process and you are in need of the program, by all means, use it." Mozingo claimed that he never received the email because he did not have access to the email address to which it was sent.

No. 16-60125

On December 1, 2014—more than two years after his termination—Mozingo sued Oil States for alleged violations of the FMLA. Oil States moved for summary judgment on the ground that there was no genuine dispute of material fact regarding whether any alleged FMLA violation was willful, and accordingly the dispute was time barred.[3] The district court granted the motion, and Mozingo appealed.

## II. Jurisdiction and Standard of Review

We have jurisdiction over this timely appeal of a final judgment. 28 U.S.C. § 1291.

We review the district court's grant of a motion for summary judgment de novo and apply the same standards as the district court. *DePree v. Saunders*, 588 F.3d 282, 286 (5th Cir. 2009). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

On summary judgment, we review the facts in the light most favorable to the nonmovant. *Lincoln Gen. Ins. Co. v. Aisha's Learning Ctr.*, 468 F.3d 857, 858 (5th Cir. 2006). Indeed, "[d]oubts are to be resolved in favor of the nonmoving party, and any reasonable inferences are to be drawn in favor of that party." *Evans v. City of Houston*, 246 F.3d 344, 348 (5th Cir. 2001).

## III. Discussion

Under the FMLA, a covered employer may not "interfere with, restrain, or deny the exercise of or the attempt to exercise, any [FMLA leave] right." 29

---

[3] In the alternative, Oil States maintained that summary judgment was proper because Mozingo was not entitled to FMLA leave. We do not address this contention on appeal.

3

U.S.C. § 2615(a).  The FMLA also "protects employees from retaliation or discrimination for exercising their rights under the FMLA."  *Mauder v. Metro. Transit Auth. of Harris Cty.*, 446 F.3d 574, 580 (5th Cir. 2006).  The general statute of limitations for FMLA violations is two years, unless the cause of action alleges a willful violation, in which case the statute of limitations is three years.  29 U.S.C. § 2617(c).  There is no dispute that Mozingo filed his claim more than two years—but less than three years—after the alleged violation.  Accordingly, to survive summary judgment, he must enter evidence of a willful violation.

The FMLA does not define willful.  To determine whether conduct is willful, courts have looked to case law from other employment contexts.  *E.g.*, *Hillstrom v. Best W. TLC Hotel*, 354 F.3d 27, 33 (1st Cir. 2003) ("There is every reason to apply [the] FLSA standard for willfulness to FMLA claims.").  Relying in part on case law under the FLSA, we have determined that "to establish a willful violation of the FMLA, a plaintiff must show that his employer 'either knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute.'"  *See Henson v. Bell Helicopter Textron, Inc.*, 128 F. App'x 387, 393 (5th Cir. 2005) (quoting *Hillstrom*, 354 F.3d at 33 (citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)));  *see also Nero v. Indus. Molding Corp.*, 167 F.3d 921, 929 n.4 (5th Cir. 1999) (noting in an FMLA case that the willful conduct standard under the FLSA requires reckless disregard).  "A negligent violation is not a willful violation, and an unreasonable violation does not necessarily constitute a willful violation."  *Steele v. Leasing Enters., Ltd.*, 826 F.3d 237, 248 (5th Cir. 2016) (citation omitted) (discussing FLSA violations).

Mozingo's argument that Oil States's conduct was willful is largely based on its alleged failure to send him the proper forms as required by 29 C.F.R. § 825.300.  Although Oil States entered the forms as evidence in support of its

motion for summary judgment, Mozingo claimed that Oil States never sent them. Construing the facts in favor of Mozingo, we will assume that Oil States did not send the forms. Mozingo claims a jury could determine that Oil States failed to send the forms due to "a conscious decision to wait and see" whether Mozingo actually required FMLA leave. In support of this argument, he maintains that Haynes restructured his "off" days to cover the absence, with the option to apply for FMLA leave thereafter if he needed it.

Mozingo cites no authority in support of the notion that such conduct amounts to a willful violation. Furthermore, he has identified no evidence that Oil States either knew or showed reckless disregard as to whether its wait-and-see approach to sending the paperwork violated the FMLA.[4] *Compare Ikossi-Anastasiou v. Bd. of Supervisors of La. State Univ.*, 579 F.3d 546, 553 (5th Cir. 2009) (affirming district court's determination that there was no evidence of willfulness in the context of the FLSA where the plaintiff provided no evidence that the defendant actually knew its pay structure violated the FLSA or ignored or failed to investigate complaints), *with Singer v. City of Waco*, 324 F.3d 813, 821–22 (5th Cir. 2003) (upholding a jury's finding of willfulness in the context of the FLSA where the employer admitted that it was aware that its employees were being paid incorrectly and the employer's attorney advised the employer not to investigate the matter), *and Reich v. Bay, Inc.*, 23 F.3d 110, 117 (5th Cir. 1994) (upholding a district court's finding of willfulness in the context of the FLSA where a government representative notified the employer that its overtime payment practices violated the FLSA and the employer continued the practices without further investigation).

---

[4] "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

No. 16-60125

Accordingly, the district court was correct to apply the two-year statute of limitations.

Because Mozingo filed his lawsuit more than two years after the alleged FMLA violation, his claims are time barred.  Accordingly, the district court's grant of summary judgment was proper.

AFFIRMED.