# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11804

United States Court of Appeals
Fifth Circuit

**FILED**
January 18, 2018

Lyle W. Cayce
Clerk

CHRISTY L. WILLIAMS,

       Plaintiff - Appellant

v.

TARRANT COUNTY COLLEGE DISTRICT, agent of Tarrant County
College,

       Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CV-241

Before SMITH, BARKSDALE, and HIGGINSON, Circuit Judges.

PER CURIAM:*

      Christy L. Williams challenges the summary judgment awarded her previous employer, Tarrant County College District (TCCD), against her claims under the Americans With Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, Texas Commission on Human Rights Act (TCHRA), Tex. Labor Code § 21.001 *et seq.*, and Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601

---

    * Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-11804

*et seq.*, contending the district court erred by concluding, *inter alia*: there is no genuine dispute of material fact for whether she is "disabled"; and her FMLA claims are time-barred. Primarily at issue is whether Williams' declaration was sufficient to create such a dispute for whether she suffers from an actual disability, or TCCD regarded her as disabled, within the meaning of the ADA. AFFIRMED in part; VACATED in part; REMANDED.

I.

Williams began working for TCCD as a writing-lab tutor in 2009. After receiving a promotion and raise in September 2012, she was terminated a few months later.

Williams has dealt with attention deficit hyperactivity disorder (ADHD) and post-traumatic stress disorder (PTSD) since childhood, and was diagnosed with major depressive disorder and hypothyroidism in 1995. She was assaulted in February 2012, aggravating symptoms of her impairments and triggering anxiety problems. Her condition deteriorated, culminating in an incident at work on 13 November 2012, when she met with her supervisor, Herrera, and his supervisor, Biber, to discuss her performance.

After they informed Williams she had been the subject of a faculty complaint, she became agitated, began to cry uncontrollably, and took several hours to regain her composure. A nurse, a counselor, and a campus police officer were called to the writing lab for support. Williams was then placed on administrative leave.

While on leave, Williams received medical treatment. Her psychiatrist provided to TCCD a disability claim form and FMLA leave form, which explained Williams had major depressive disorder and anxiety, as well as problems eating, sleeping, and focusing. In addition, Williams emailed Herrera, Biber, and Dr. Hubbard (Biber's supervisor), to inform them that doctors had found a "biological imbalance in [her] body", she was receiving treatment, and she planned to return to work on 2 January 2013.

2

No. 16-11804

On that day, hoping to return to work, Williams met with Dr. Coronado, the head of human resources, and provided a certification of fitness-for-duty form, completed by her doctor, which cleared her for work "with no restrictions", but requested that TCCD "make reasonable accommodations". At the end of this meeting, instead of being permitted to return to the writing lab, Williams was told to consider herself "still on leave".

Five days later, Williams received a letter explaining she was terminated for past performance. Williams disputes the reason for her termination. As evidence she was terminated because of her disabilities, she points to emails, exchanged between Biber and Hubbard the day after her emotional incident, hoping Williams would "decide[] the lab setting is not the ideal place for her talents", as well as a memorandum from Dr. Coronado—on the day he received her paperwork requesting accommodations—recommending Williams' termination. (TCCD contends it was planning to terminate her before the incident, citing complaints from students, co-workers, and faculty regarding her performance.)

This action was filed in March 2015, with claims for discrimination, failure to accommodate, and retaliation under the ADA and TCHRA, as well as for retaliation and failure to restore under the FMLA. TCCD moved for summary judgment, seeking dismissal of Williams' action "in its entirety".

Summary judgment was granted against the FMLA claims based on the statute of limitations. Although Williams pleaded willful violations of the FMLA, which would entitle her to a three-year limitations period, the court ruled she "failed to offer any summary judgment evidence supporting a claim for willfulness", and, therefore, "the two-year statute-of-limitations period applie[d]". And, summary judgment was granted against her ADA and TCHRA claims because she did not provide evidence of a "disability". In addition, for her ADA and TCHRA retaliation claims, the court ruled she failed to exhaust her administrative remedies.

3

No. 16-11804

II.

Williams asserts the court: awarded summary judgment despite TCCD's failure to properly move for that relief; and, in the alternative, improperly excluded evidence of disability, and applied incorrect legal standards. A summary judgment is reviewed *de novo*, applying the same standards used by the district court. *E.g.*, *Ford Motor Co. v. Tex. Dep't of Transp.*, 264 F.3d 493, 498 (5th Cir. 2001). Summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law". Fed. R. Civ. P. 56(a).

"Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case. The nonmovant must then come forward with specific facts showing that there is a genuine [dispute] for trial." *Lyles v. Medtronic Sofamor Danek, USA, Inc.*, 871 F.3d 305, 310–11 (5th Cir. 2017) (citation and quotation marks omitted). To meet her burden, therefore, Williams must show a "dispute about a material fact is genuine, that is, . . . the evidence is such that a reasonable [factfinder] could return a verdict for" her. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotation omitted).

A.

As an initial matter, Williams contends the court should not have awarded summary judgment because TCCD did not adequately move for that relief. TCCD counters that it properly did so for all claims by requesting the court to dismiss the action in its entirety. Williams asserts this threadbare strategy is insufficient because, "at a minimum, the movant [must] mention the element(s) of the claim on which there is allegedly no evidence". Because TCCD did not mention any specific elements of her regarded-as, failure-to-accommodate, and retaliation claims under the ADA, Williams contends the

4

court should not have granted summary judgment without giving her notice and a chance to present evidence on those claims.

In *Apache Corp. v. W & T Offshore, Inc.*, 626 F.3d 789 (5th Cir. 2010), our court explained that, when the movant "affirmatively request[s] dismissal of the complaint as a whole", the nonmovant has "ample notice and opportunity to object to the scope of relief prayed for". *Id.* at 798–99. As noted, TCCD prayed for "Plaintiff's lawsuit [to] be dismissed in its entirety".

Williams was therefore on notice TCCD was seeking summary judgment on all claims, and had adequate opportunity to respond. *E.g.*, *id.* Indeed, under the above-described, well-known summary judgment standard, it was her burden to identify "specific facts showing that there is a genuine [dispute] for trial". *Lyles*, 871 F.3d at 311 (quotation omitted). Accordingly, the court did not err in considering summary judgment on all claims. *E.g.*, *Apache Corp.*, 626 F.3d at 798–99 (awarding summary judgment where movant sought "summary judgment on all counts" without referring to claims specifically). (Nevertheless, for obvious reasons, it is the much better practice to be far more specific in seeking summary judgment.)

## B.

Williams asserts the court erroneously ruled she did not exhaust her ADA and TCHRA retaliation claims, and otherwise applied incorrect legal standards in determining she did not meet her summary-judgment burden to show a genuine dispute of material fact for whether she is disabled under the ADA and TCHRA. Because TCHRA "parallels the language of the [ADA]", Texas courts follow ADA law in evaluating TCHRA discrimination claims. *E.g.*, *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 285–87 (5th Cir. 2004). The following ADA analysis therefore applies equally to the TCHRA.

No. 16-11804

1.

The district court ruled Williams "has not exhausted her administrative remedies and is procedurally precluded from asserting a retaliation claim under the ADA and the TCHRA". Under each, a Texas plaintiff must exhaust administrative remedies by filing a charge with the Equal Employment Opportunity Commission or the Texas Workforce Commission. *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996) (ADA); *Lueck v. State*, 325 S.W.3d 752, 761–62 (Tex. App.—Austin 2010, pet. denied) (TCHRA). Williams did so with the latter.

ADA and TCHRA claims are properly raised in federal court only when "they are within the scope of the . . . investigation which can reasonably be expected to grow out of the [administrative] charge of discrimination". *Robles v. Tex. Tech Univ. Health Scis. Ctr.*, 131 F. Supp. 3d 616, 632 (W.D. Tex. 2015) (quotation marks and citation omitted). Failure to exhaust is grounds for dismissal. *E.g.*, *Dao*, 96 F.3d at 789.

On her administrative charge, Williams marked the boxes for claims for discrimination based on age and disability, and stated in the narrative section: "I was denied reasonable accommodations on 01-02-13 by Ricardo Coronado and Sharion Marshall, in a meeting, after I provided them with a doctor's note regarding this. I was subsequently terminated on 01-07-13, by Ricardo Coronado". TCCD observes Williams neither checked the box for retaliation, nor claimed retaliation in the narrative section of her administrative charge; and it asserts her charge does not indicate she was engaged in a protected activity, such as asking for reasonable accommodations, so an investigation into retaliation would not reasonably follow.

Although our court strictly construes the exhaustion requirement, it views administrative charges in the "broadest reasonable sense". *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 467 (5th Cir. 1970). Because

administrative charges are "rarely drawn by an attorney", "the only absolutely essential element of a timely charge of discrimination is the allegation of fact contained therein". *Id.* at 463, 467.

Along those lines, our court does not require a "plaintiff [to] check a certain box or recite a specific incantation to exhaust", *Pacheco v. Mineta*, 448 F.3d 783, 792 (5th Cir. 2006) (footnote omitted), and will not "cut off [a party's rights] merely because [s]he fails to articulate correctly the legal conclusion emanating from h[er] factual allegations", *Sanchez*, 431 F.2d at 462. "[F]ailure to fill in the appropriate box in the filed charge" warrants summary judgment on exhaustion grounds only when "coupled with the inability to describe the general nature of the claim in the narrative section of the charge". *Miller v. Sw. Bell. Tel. Co.*, 51 F. App'x 928, at *7 (5th Cir. 2002).

Despite Williams' failure to check the retaliation box, or otherwise include the word "retaliation" in her charge, it was sufficient to exhaust her retaliation claim. She stated she: (1) provided her employer with a doctor's note regarding reasonable accommodations; (2) was denied reasonable accommodations; and (3) was terminated thereafter. The "[administrative] investigation which can reasonably be expected to grow out of" Williams' charge would examine whether she was engaged in a protected activity—seeking reasonable accommodations—and whether she was terminated as a result. *E.g.*, *Robles*, 131 F. Supp. 3d at 632.

TCCD's suggestion that "I requested reasonable accommodations but was denied them" should be sufficient for exhaustion purposes, but that "I was denied reasonable accommodations" should not, asks courts to parse administrative charges too finely, and, more importantly, loses sight of the fact that most charges are initiated *pro se*. Because our court views charges in the "broadest reasonable sense", *Sanchez*, 431 F.2d at 467, and Williams' charge "describe[d] the general nature of" her retaliation claim, *Miller*, 51 F. App'x

No. 16-11804

928, at *7, her charge was sufficient to exhaust administrative remedies for her retaliation claims.

2.

Williams next challenges the summary judgment against her ADA and TCHRA claims for discrimination and retaliation (using both the actual and regarded-as standards), as well as for failure to accommodate. The court concluded Williams failed to show a genuine dispute of material fact regarding whether she is disabled within the meaning of the statutes. For the following reasons, Williams met her summary-judgment burden. (Again, our analysis for the ADA applies equally to the TCHRA.)

The ADA is "designed to remove barriers which prevent qualified individuals with disabilities from enjoying employment opportunities available to persons without disabilities". *Seaman v. CSPH, Inc.*, 179 F.3d 297, 300 (5th Cir. 1999). It "prohibits discrimination against a qualified individual because of a disability in regard" to employment decisions. *Id.*

Congress amended the ADA in 2008 to clarify its scope and remedy some unintended judicial interpretations. In Congress' view, the Supreme Court, in cases like *Sutton v. United Air Lines, Inc.*, 527 U.S. 471 (1999), and *Toyota Motor Manufacturing, Kentucky, Inc. v. Williams*, 534 U.S. 184 (2002), "narrowed the broad scope of protection intended to be afforded by the ADA, thus eliminating protection for many individuals whom Congress intended to protect". ADA Amendments Act of 2008, Pub. L. No. 110-325, § 2(a)(4)–(5) (2008) (Findings and Purposes) (codified in scattered sections of 42 U.S.C.). Accordingly, the 2008 amendments broadened the ADA's protections. *Id.*

For an ADA claim, Williams must show, as a threshold matter, that she suffers from a disability. *E.g.*, *Cannon v. Jacobs Field Servs. N. Am., Inc.*, 813 F.3d 586, 590 (5th Cir. 2016). Two standards of disability—actual and regarded-as—are relevant here. 42 U.S.C. § 12102(1) (defining disability).

No. 16-11804

A plaintiff satisfies the actual standard by showing she has "a physical or mental impairment that substantially limits one or more major life activities". *Id.* § 12102(1)(A). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, [and] walking". *Id.* § 12102(2)(A). The EEOC has cautioned: "'Substantially limits' is not meant to be a demanding standard". 29 C.F.R. § 1630.2(j)(1)(i). "An impairment need not prevent, or significantly or severely restrict" performance of major life activities, but rather, the standard is whether it "substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population". *Id.* § 1630.2(j)(1)(ii). This comparison "usually will not require scientific, medical, or statistical analysis". *Id.* § 1630.2(j)(1)(v).

A plaintiff satisfies the regarded-as standard by establishing she has been "subjected to a prohibited action [(*e.g.*, termination)] because of an actual or perceived physical or mental impairment, whether or not that impairment substantially limits, or is perceived to substantially limit, a major life activity". *Id.* § 1630.2(l)(1). Under the amended regarded-as standard, a plaintiff "needs to plead and prove only that she was regarded as having a physical or mental impairment [and not] that the actual or perceived impairment substantially limited one or more major life activities". *Adair v. City of Muskogee*, 823 F.3d 1297, 1306 (10th Cir. 2016) (quotation and citation omitted); *see also Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 230 (5th Cir. 2015). Therefore, to be "regarded as impaired", Williams "need only show that her employer perceived her as having an impairment and that it discriminated against her on that basis". *Burton*, 798 F.3d at 230 (cleaned up).

Importantly, no matter which disability standard(s) plaintiff uses to seek protection under the ADA—actual or regarded-as—courts are commanded to construe disability broadly, "to the maximum extent permitted by the terms of

No. 16-11804

[the Act]".  42 U.S.C. § 12102(4)(A).  Williams contends the court improperly disregarded evidence and applied outdated standards in evaluating whether she provided summary-judgment evidence sufficient to demonstrate a genuine dispute of material fact for both the actual-disability and regarded-as standards.

a.

As noted *supra*, for her ADA actual-disability claim to survive summary judgment, Williams must present evidence to create a genuine dispute of material fact on whether she has "a physical or mental impairment that substantially limits one or more major life activities".  *Id.* § 12102(1)(A).  Williams proffered her detailed declaration, FMLA certification form, disability claim form, and bloodwork documentation as evidence her impairments are substantially limiting.

The court disregarded the FMLA, disability, and bloodwork documents as inadmissible.  Although Williams contests these evidentiary rulings, we need not address them.

The court, as Williams urges, made several fundamental missteps in assessing substantial limitation.   First, it disregarded her declaration as conclusory, and, second, ruled her "declaration . . . even if accepted in whole, is insufficient summary judgment evidence to raise a material fact issue as to a substantial limitation" without corroborating medical evidence.

As an initial matter, Williams' declaration is not conclusory:  it details her diagnoses, treatments, and symptoms since childhood, and elaborates on some of the recent effects of her ailments.  For example, she explained that, after the 2012 assault, "the symptoms of [her] depression, PTSD Complex, ADHD, and other conditions were constantly with [her]", and she "had trouble forming thoughts and communicating".  And, when unmanaged, her various conditions gave her "debilitating migraine headaches" and made it difficult for

10

her "to think well, concentrate, take care of [her]self, [and] sleep normally". The substantial limitation of exactly these types of activities constitutes a disability under the ADA. *Id.* § 12102(2)(A) (caring for oneself, sleeping, concentrating, thinking, and communicating enumerated major life activities). Additionally, two of the conditions Williams chronicles in her declaration—major depressive disorder and PTSD—are included in the implementing regulations' list of impairments that should "easily be concluded" to substantially limit brain function. 29 C.F.R. § 1630.2(j)(3)(iii). The court, therefore, should have considered Williams' declaration as relevant summary-judgment evidence of substantial limitation.

Not only is it relevant, it is sufficient to create the requisite genuine dispute of material fact. The court's conclusion that Williams' "self-serving declaration, without medical documentation or support, is not sufficient" is incorrect. The 2008 amendments and their implementing regulations broaden protection for the disabled, in part by clarifying, as noted *supra*, that showing substantial limitation "usually will not require scientific, medical, or statistical analysis". *Id.* § 1630.2(j)(1)(v). The court's requiring medical corroboration at the summary-judgment stage was, therefore, erroneous.

The court also erred in suggesting Williams' being certified to "work a full, regularly scheduled day with no restrictions" undercut her disability claim. An individual's ability to perform her job does not prevent a finding of disability; her disability may be unrelated to the performance of her job, or perhaps, with reasonable accommodations, she is capable of fulfilling her duties. The court's statement was therefore contrary to both law and experience. *E.g.*, *Cannon*, 813 F.3d at 591 n.3 (plaintiff's statements that he needed no accommodation at work do not undermine evidence of actual disability). Similarly, the implication Williams could not show disability

11

without showing she is "a person who has difficulty leading a normal life" finds no support in the ADA, its implementing regulations, or our caselaw.

Overcoming summary judgment "requires the nonmoving party to go beyond the pleadings and *by her own affidavits*, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine [dispute] for trial". *Giles v. Gen. Elec. Co.*, 245 F.3d 474, 493 (5th Cir. 2001) (emphasis added) (quotation omitted); *see also* Fed. R. Civ. P. 56(c)(1). Along that line, district courts within this circuit routinely consider a plaintiff's testimony, without more, sufficient to create a genuine dispute of material fact regarding substantial limitation. *E.g.*, *Kennedy v. Parkview Baptist Sch., Inc.*, 2014 WL 7366256, at *14 (M.D. La. Dec. 24, 2014) ("viewed in the light most favorable to plaintiff, [her testimony and statements about her asthma] would be sufficient for a reasonable trier of fact to find" substantial limitation); *Mercer v. Arbor E & T, LLC*, 2013 WL 164107, at *13 (S.D. Tex. Jan. 15, 2013) ("even if the Court confined it's analysis to [plaintiff's] deposition testimony alone, she . . . demonstrate[d] a genuine [dispute] of material fact regarding whether [she] is disabled"); *Sechler v. Modular Space Corp.*, 2012 WL 1355586, at *11 (S.D. Tex. Apr. 18, 2012) ("In light of the 'substantially limits' standard created by the [ADA Amendments Act of 2008], the Court thinks it appropriate to read [plaintiff's] testimony as giving rise to a genuine [dispute] of material fact").

Williams' detailing in her declaration her trouble sleeping, thinking, focusing, communicating, and caring for herself is no different. In the light of the relatively low bar created by the substantially-limits and summary-judgment standards, Williams' declaration creates a genuine dispute of material fact for whether her impairments are substantially limiting.

12

No. 16-11804

b.

Williams similarly contends "the court applied the wrong standard and thereby reached the wrong result" in evaluating whether TCCD regarded her as disabled.  As noted *supra*, for a regarded-as claim, plaintiff is not required to establish her employer believed her impairment was substantially limiting; all that is required is proof the employer knew of an impairment or erroneously perceived one.  42 U.S.C. § 12102(3)(A); 29 C.F.R. § 1630.2(l)(1).  The district court, however, required Williams to show "either that (1) TCCD mistakenly believed that she had an impairment that *limited a major life activity*; or (2) TCCD believed that an actual, non-limiting impairment *substantially limited a major life activity*".  (Emphasis added.)  In doing so, the court imported a standard expressly rejected by both Congress and the EEOC, and demanded proof of an element not required for a regarded-as claim.  42 U.S.C. § 12102(3)(A); 29 C.F.R. § 1630.2(l).

The court cited Williams' declaration, as well as emails exchanged between her and her supervisors, as evidence TCCD was aware she was impaired.  Additionally, the court acknowledged the FMLA leave and short-term disability forms "may be considered . . . as proof of notice to TCCD".  This is evidence suggesting TCCD was aware of her impairments.

Williams proffers the following as evidence TCCD terminated her because of those impairments—the causation element of the regarded-as standard:  she received copious positive feedback from faculty and students, she was promoted earlier that year and there is no indication she was being considered for termination, and she was terminated after her emotional incident, FMLA leave, and request for accommodations.  Because Williams provided evidence suggesting TCCD knew she had impairments (and terminated her on account of them), and because she was not required to show

13

No. 16-11804

TCCD believed those impairments to be substantially limiting, she has met her summary-judgment burden for her regarded-as claim.

Accordingly, Williams has provided summary-judgment evidence to create a genuine dispute of material fact for whether she is disabled—under both the actual-disability and regarded-as standards—for purposes of the ADA. Because summary judgment was awarded against Williams for a failure to show disability alone, summary judgment was improperly granted against the ADA and TCHRA claims.

C.

Lastly, Williams challenges summary judgment against her FMLA claims. The court ruled: because she did not provide evidence TCCD acted willfully, her FMLA claims are time barred.

Generally, FMLA claims must be brought within two years of the alleged violation. 29 U.S.C. § 2617(c)(1). But, actions for willful violations of the FMLA are subject to a three-year period. *Id.* § 2617(c)(2). It is undisputed that Williams filed this action after the two-year—but before the three-year—limitations period expired. Her claims are therefore time barred unless she meets the willful-violation standard. *E.g.*, *Mozingo v. Oil States Energy, Inc.*, 661 F. App'x 828, 830 (5th Cir. 2016).

Although Williams did not expressly claim a willful FMLA violation in her complaint, the court, in construing the pleadings in favor of the pleader as directed by Federal Rule of Civil Procedure 8(e), concluded she successfully pleaded a willful-violation claim. But, at the summary-judgment stage, simply stating the claim is not enough.

For this issue, "to survive summary judgment, [plaintiff] must enter evidence of a willful violation". *Mozingo*, 661 F. App'x at 830. This requires evidence plaintiff's "employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute". *Henson v. Bell*

14

*Helicopter Textron, Inc.*, 128 F. App'x 387, 393 (5th Cir. 2005) (quotation marks and citation omitted).    Moreover, a "negligent violation is not a willful violation, and an unreasonable violation does not necessarily constitute a willful violation".  *Steele v. Leasing Enters., Ltd.*, 826 F.3d 237, 248 (5th Cir. 2016) (quotation marks and citation omitted).

In response to TCCD's summary-judgment motion, Williams did not provide evidence of a willful violation.  Instead, she only asserted the two-year statute of limitations advanced by TCCD was incorrect.  On appeal, however, she contends the court overlooked evidence of willfulness, namely, that Dr. Coronado, the head of human resources, should have known his conduct violated the FMLA.  To the extent she did not raise this point in district court, it is waived.  *See Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 (5th Cir. 1992).

In any event, Williams cites no authority to support a person's being head of human resources constitutes evidence he "knew or showed reckless disregard for the matter of whether [his] conduct was prohibited" by the FMLA.  *Henson*, 128 F. App'x at 393 (quotation omitted).  Because she provided no evidence supporting a willful violation, her FMLA claims are subject to the two-year limitations period, and are, therefore, time-barred.

## III.

For the foregoing reasons, the judgment is AFFIRMED for the FMLA claims; it is VACATED for the ADA and TCHRA claims for discrimination and retaliation (under both the actual and regarded-as standards), and failure to accommodate, and they are REMANDED for further proceedings.