John JAY, Petitioner,

v.

**DEPARTMENT OF THE NAVY, Respondent.**

No. 02–3155.

United States Court of Appeals, Federal Circuit.

DECIDED: Nov. 12, 2002.

---

Before RADER, SCHALL, and BRYSON, Circuit Judges.

DECISION

PER CURIAM.

John Jay petitions for review of the December 20, 2001 final decision of the Merit Systems Protection Board ("MSPB" or "Board") in two consolidated appeals: MSPB Docket No. SF–0752–00–0143–I–1 (*"Appeal I"*); and MSPB Docket No. SF–1221–00–0315–W–1 (*"Appeal II"*). In *Appeal I*, the Board denied Mr. Jay's request to reopen and reconsider a March 17, 2000 final decision of the Board dismissing for lack of jurisdiction his appeal alleging that his November 19, 1999 retirement from the Department of the Navy ("Navy") was involuntary. In *Appeal II*, the Board dismissed for lack of jurisdiction, based upon the doctrine of collateral estoppel, Mr. Jay's February 29, 2000 Individual Right of Action ("IRA") appeal. We *affirm*.

## DISCUSSION

### I.

On February 11, 2000, an administrative judge ("AJ") of the Board issued an initial decision dismissing *Appeal I* for lack of jurisdiction after concluding that Mr. Jay's retirement from the Navy was voluntary. The AJ's initial decision became the final decision of the Board on March 17, 2000, after Mr. Jay failed to petition the Board for review. Mr. Jay appealed to this court, and we affirmed. *Jay v. Dep't of the Navy*, No. 00–3236, 13 Fed.Appx. 929, 2001 WL 338145 (Fed.Cir. Apr. 5, 2001) (unpublished).

As noted above, Mr. Jay filed his IRA appeal on February 29, 2000. Like *Appeal I*, *Appeal II* related to Mr. Jay's November 19, 1999 retirement from the Navy. On May 10, 2000, Mr. Jay and the Navy entered into a settlement agreement with respect to *Appeal II*. In the agreement, the parties agreed to the dismissal of *Appeal II* without prejudice, pending a decision by this court in *Appeal I*. The settlement agreement provided, *inter alia*, as follows:

1.  In the event appellant's appeal of the Board's decision in SF–0752–00–[0]143–I–1 [*Appeal I*] is granted by the Federal Circuit, appellant must refile this IRA appeal within thirty (30) days of the date of the Federal Circuit decision.

2.  In the event appellant's appeal of the Board's decision in SF–0752–00–[0]143–I–1 [*Appeal I*] is denied by the Federal Circuit, appellant will not refile this IRA appeal, and he will not pursue the claims under the Whistleblower Protection Act (WPA) asserted in this IRA appeal in this or any other forum.

Pursuant to the settlement agreement, the AJ dismissed *Appeal II* without prejudice.

On April 23, 2001, Mr. Jay filed with the Board a document titled "Petition for Review, Reconsideration, and Request for Hearing." In his filing, which referenced the docket numbers of both *Appeal I* and *Appeal II*, Mr. Jay cited our April 5, 2001 decision affirming the dismissal of *Appeal I* for lack of jurisdiction. With respect to *Appeal I*, Mr. Jay stated: "Since the issue of MSPB jurisdiction is no longer before the Federal Courts, MSPB now has jurisdiction to review the ruling of [the] AJ. . . ."

Insofar as it related to *Appeal I*, the Board treated Mr. Jay's petition as a request to reopen a closed appeal. The Board noted that Mr. Jay's argument was that the Navy had deliberately withheld documents until after the AJ had decided the case and that these documents supported his claim that his retirement was involuntary because they showed that he was harassed into retiring. The Board rejected this claim, stating: "We find the appellant's vague contentions are insufficient to show that unusual or extraordinary circumstances exist to warrant the reopening [of] our final decision in Appeal I, which was affirmed by the court." *Jay v. Dep't of the Navy*, Nos. SF–0752–00–0143–I–1, SF–1221–00–0315–W–1, slip op. at 5, 90 M.S.P.R. 635, —— (MSPB 2001).

Next, the Board turned to *Appeal II*. Responding to Mr. Jay's petition, the Board reopened the appeal on its own motion and then dismissed it for lack of jurisdiction, based upon the doctrine of collateral estoppel. Noting that *Appeal II* was an IRA appeal, the Board noted that, in accordance with 5 U.S.C. § 2302(a)(2)(A), Mr. Jay was required to show, *inter alia*, that he was subjected to a "personnel action" within the meaning of the statute and that a voluntary action, such as a voluntary retirement, does not constitute a "personnel action" under § 2302(a)(2)(A). *See Comito v. Dep't of the Army*, 90 M.S.P.R. 58, ¶ 13, 2001 WL 1091181 (2001). Continuing, the Board pointed out that the determinative issue in *Appeal II* of whether Mr. Jay's retirement was involuntary so as to constitute an appealable "personnel action" was identical to the issue in *Appeal I* of whether his retirement was involuntary so as to constitute an appealable constructive removal. The Board recited the four requirements for application of collateral estoppel—(1) an issue is identical to that involved in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination on the issue in the prior action was necessary to the resulting judgment; and (4) the party precluded was fully represented in the prior action, *see Banner v. United States*, 238 F.3d 1348, 1354 (Fed. Cir.2001). Concluding that its finding in *Appeal I* that Mr. Jay's retirement was voluntary collaterally estopped Mr. Jay from relitigating and establishing in *Appeal II* that his retirement was involuntary for purposes of supporting an IRA appeal, the Board dismissed *Appeal II*. Mr. Jay has timely petitioned for review of the Board's final decision. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *see Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed.

Cir.1998). The decision of the Board in this case is none of these.

### III.

We see no error in the Board's decision not to reopen *Appeal I*. The Board correctly determined that Mr. Jay had failed to demonstrate the extraordinary or unusual circumstances that could warrant the reopening of the final decision in *Appeal I*, which we affirmed. *See Moss v. Dep't of the Air Force*, 82 M.S.P.R. 309 (1999), *aff'd*, 230 F.3d 1372 (Fed.Cir.1999).

Neither did the Board err in concluding that *Appeal II* was barred by collateral estoppel by reason of the Board's decision in *Appeal I*. This conclusion resulted in the dismissal of the appeal for lack of jurisdiction. First, the issue of the voluntariness of Mr. Jay's voluntary retirement, which was decided in *Appeal I*, was identical to the critical issue in *Appeal II* of whether Mr. Jay's retirement was voluntary and therefore could not constitute a "personnel action" for purposes of an IRA appeal. Second, the issue of the voluntariness of Mr. Jay's retirement was fully litigated in *Appeal I* (requirement 2). Third, determination of the issue of the voluntariness of Mr. Jay's retirement was necessary to the decision in *Appeal I* (requirement 3). Finally, Mr. Jay was fully represented in *Appeal I* through his participation in the case (requirement 4). In short, all of the requirements for collateral estoppel were met in this case.

Moreover, we are not persuaded by the arguments that Mr. Jay advances on appeal. First, in challenging the Board's decision on *Appeals I* and *II*, Mr. Jay argues that we should consider an excerpt from the transcript of testimony at an Equal Employment Opportunity Commission ("EEOC") hearing in connection with an age discrimination claim that Mr. Jay raised. He also argues that we should consider certain evidence allegedly indicating that he was treated differently from other Navy employees in that he was not given an opportunity to withdraw his retirement. None of this evidence was presented to the Board, however, and we do not consider new evidence that is raised for the first time on appeal. *Oshiver v. Office of Pers. Mgmt.*, 896 F.2d 540, 542 (Fed.Cir.1990).

Lastly, Mr. Jay raises an argument under the Older Workers' Benefit Protection Employment Act ("OWBPA"), Pub.L. No. 101–433, 104 Stat. 983 (1990). OWBPA amended the Age Discrimination in Employment Act ("ADEA") by imposing specific minimum requirements for releases covering ADEA claims. 29 U.S.C. § 626(f). Mr. Jay appears to contend that the application he submitted for Voluntary Separation Incentive Pay ("VSIP") in connection with his retirement should not be read as waiving any of his rights to pursue claims of age discrimination. This contention is without merit. Aside from the fact that Mr. Jay is raising this argument for the first time on appeal, age discrimination was not at issue in either *Appeal I* or *Appeal II*, and under no circumstances has Mr. Jay suffered any prejudice by reason of the fact that his VSIP application did not include any EEOC/ADEA provisions. Mr. Jay's age discrimination claim was fully litigated before the EEOC.

For the foregoing reasons, the final decision of the Board is affirmed.