**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

J. CARROLL-HARRIS,
   Appellant,

  v.

DEPARTMENT OF VETERANS
  AFFAIRS,
   Agency.

DOCKET NUMBER
CH-1221-15-0543-W-1

DATE: May 24, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Benjamin Whitfield, Jr.</u>, Esquire, Detroit, Michigan, for the appellant.

<u>Amy C. Slameka</u>, Detroit, Michigan, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which denied her request for corrective action. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant was formerly employed as a GS-5 Medical Support Assistant (MSA) at the John D. Dingell Veterans Affairs Medical Center in Detroit, Michigan. Initial Appeal File (IAF), Tab 1 at 1, 9. She was removed, effective March 13, 2015, for inappropriate and unprofessional behavior, failure to follow a direct order, and absence without leave. IAF, Tab 1 at 13-15, Tab 9 at 12. Following her removal, the appellant filed a complaint with the Office of Special Counsel (OSC) alleging that the agency's decisions to remove her and to take a number of other personnel actions against her prior to her removal were in retaliation for her disclosure and protected activities during the period from 2004 through 2014. IAF, Tab 1 at 20-32. After receiving OSC's close-out letter informing her of her right to seek corrective action from the Board, IAF, Tab 11 at 57, the appellant timely filed the instant individual right of action (IRA) appeal, IAF, Tab 1.

After holding the requested hearing, the administrative judge issued an initial decision denying the appellant's request for corrective action. IAF, Tab 62, Initial Decision (ID) at 1, 17. In the decision, the administrative judge determined that the appellant's complaint to the agency's Office of Inspector

General (OIG) in 2004 or 2005 was a protected disclosure.  ID at 7-8.  However, she found that the appellant's complaints to the Department of Labor (DOL) in 2012 and the agency's Equal Employment Opportunity (EEO) office in 2014 were not protected disclosures or activities.  ID at 8-11.

Regarding the personnel actions taken against the appellant, the administrative judge determined that the November 2014 reassignment was voluntary and made at the appellant's request, and thus was not a personnel action.  ID at 11-13.  Concerning the two remaining personnel actions—the appellant's 2012 nonselection for an MSA position and her March 2015 removal —the administrative judge determined that the appellant failed to meet her burden of proving that her OIG complaint was a contributing factor in the agency's decision to take, or not to take, either personnel action.  ID at 13-16.  Because the administrative judge found that the appellant failed to meet her burden, she denied the appellant's request for corrective action.  ID at 16-17.  Finally, the administrative judge did not address the appellant's claim that the agency committed harmful procedural error by removing her, noting that the Board does not have independent jurisdiction over claims of harmful procedural error in the context of an IRA appeal.  ID at 17 n.5.

## DISCUSSION OF ARGUMENTS ON REVIEW[2]

The appellant has filed a timely petition for review challenging the administrative judge's findings that her DOL and EEO complaints were not protected activities and that her November 2014 reassignment was voluntary. Petition for Review (PFR) File, Tab 1 at 4-7, 13-14.  She also challenges the administrative judge's finding that her protected activity of filing a complaint with OIG was not a contributing factor in her nonselection and removal, rearguing that the deciding official had constructive knowledge of her disclosure. *Id.* at 8-10.  Additionally, the appellant argues that the agency's witnesses were

---

[2] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

not credible. *Id.* at 10. Finally, she challenges the merits of the agency's removal decision and of a number of other personnel actions taken against her prior to her removal, argues that the penalty of removal was unreasonable, and reasserts her claim that the agency committed harmful error in enacting her removal. PFR File, Tab 1 at 9-12. The agency has filed a response in opposition to the petition for review, and the appellant has not filed a reply to the agency's response. PFR File, Tab 2.

The appellant's 2014 EEO complaint was not a protected activity.

The Board has jurisdiction over an IRA appeal if the appellant exhausts her administrative remedies before OSC and makes nonfrivolous allegations that (1) she made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity as described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016). A nonfrivolous allegation of a protected whistleblowing disclosure is an allegation of facts that, if proven, would show that the appellant disclosed a matter that a reasonable person in her position would believe evidenced one of the categories of wrongdoing specified in 5 U.S.C. § 2302(b)(8). *Id.*, ¶ 6. The test to determine whether a putative whistleblower has a reasonable belief in the disclosure is an objective one: whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions of the agency evidenced a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. *Id.*

In response to the administrative judge's order to show cause, the appellant submitted a copy of her close-out letter from OSC which notified her of her Board appeal rights. IAF, Tab 6, Tab 11 at 57. After reviewing the close-out letter as well as the appellant's OSC complaint, the administrative judge issued an

order finding that the appellant had exhausted her administrative remedies with OSC regarding the following disclosures or activities: (1) her complaint to the OIG in 2004 or 2005; (2) her 2012 complaint to the DOL; and (3) her 2014 EEO complaint. IAF, Tab 1 at 20-32, Tab 44 at 3. Additionally, she found that the appellant proved OSC exhaustion regarding the following personnel actions: (1) her 2012 nonselection; (2) her November 18, 2014 reassignment or transfer; and (3) her 2015 removal. Neither party challenges the administrative judge's determination that the appellant exhausted these claims with OSC, and we see no reason to disturb this finding. IAF, Tab 44 at 3.

Although difficult to discern, the appellant appears to argue on review that the administrative judge's finding that her EEO and DOL complaints were not protected activities was erroneous because both complaints were directed at remedying violations of "law, rule or regulation." PFR File, Tab 1 at 5-6. Specifically, regarding her 2014 EEO complaint in which the appellant alleged violations of her right to reasonable accommodation, she argues that because her complaint asserted that she was treated unequally and was denied equal employment opportunities, it evidenced wrongdoing under section 2302(b)(8). *Id.* at 5.

The Board lacks IRA jurisdiction over claims of retaliation for an individual's appeals, complaints, grievances, and disclosures alleging that she was the victim of discrimination in violation of the Rehabilitation Act of 1973 (Rehabilitation Act). *McCray v. Department of the Army*, 2023 MSPB 10, ¶¶ 12, 15-22, 25-30; *see Edwards v. Department of Labor*, 2022 MSPB 9, ¶¶ 10-25 (concluding that allegations of retaliation for disclosures and claims of Title VII violations do not fall within the scope of section 2302(b)(8) or section 2302(b)(9) (A)(i)), *aff'd*, No. 2022-1967, 2023 WL 4398002 (Fed. Cir. July 7, 2023). An allegation that an appellant was denied reasonable accommodation arises under the Rehabilitation Act. *Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶ 28. Therefore, we agree with the administrative judge that the Board lacks

jurisdiction over the appellant's EEO complaints and disclosures related to the alleged denial of reasonable accommodation. ID at 10-11.

On review, aside from reasserting her argument that seeking vindication for her own personal EEO-related complaints and perceived claims of discrimination "could reasonably evidence a violation of law, rule or regulation," she has not offered any new support for her argument that her EEO complaint disclosed a violation of section 2302(b)(8). Accordingly, we find no error in the administrative judge's findings that the appellant's EEO complaint did not constitute protected activity.

<u>The appellant has not demonstrated that her reassignment was involuntary.</u>

On review, the appellant also reasserts that her November 17, 2014 relocation from the MSA position in the nursing home unit to the same day surgery unit was a "transfer" and not a "reassignment" because the positions were in the same job series, and that the transfer was involuntary. PFR File, Tab 1 at 6-7, 13-14; IAF, Tab 45 at 4. We find no error in the administrative judge's determination that this was a "reassignment" and that it was voluntary and was thus not a personnel action because it was undertaken as a result of the appellant's request for a reasonable accommodation. ID at 11-13. The record reflects that, starting in September 2014, the appellant initiated a reasonable accommodation request, and the resulting interactive process culminated in the recommendation that the appellant be transferred to a different unit as a reasonable accommodation. IAF, Tab 40 at 85-100. The appellant agreed to the transfer, which became effective on November 17, 2014. *Id.* at 105-06.[3]

---

[3] On cross-examination at the hearing, the appellant testified that she included a written note below her signature on the reasonable accommodation request form, IAF, Tab 40 at 106, but admitted that she could not read what her note said. IAF, Tab 60, Hearing Compact Disk 2 (testimony of the appellant). She did not argue below, nor does she argue on review, that she signed the form under protest or that the illegible note reflects any statement of protest against, or disagreement with, the terms of the transfer agreement. She also acknowledged on cross-examination that her transfer to the new position did not result in a reduction in pay or grade. *Id.* Reassignments not involving a reduction in pay or grade are not appealable to the Board. *Liebeck v. Department of*

The administrative judge carefully considered, and rejected, the appellant's argument that her consent to the reassignment was involuntary or coerced. ID at 11-13. Whether the resulting move could be more accurately described as a "reassignment" or a "transfer" is inconsequential; the change in the appellant's duty location was undertaken voluntarily, at her request, and with her consent. As the administrative judge noted, a voluntary reassignment does not constitute a "personnel action" under section 2302(a)(2)(A). ID at 11-12; *see Jay v. Department of the Navy*, 90 M.S.P.R. 635, ¶ 12 (2001) (acknowledging that a voluntary action does not constitute a "personnel action" under 5 U.S.C. § 2302(a)(2)(A)), *aff'd per curiam*, 51 F. App'x 4 (Fed. Cir. 2002); *Comito v. Department of the Army*, 90 M.S.P.R. 58, ¶ 13 (2001) (determining that a separation pursuant to a voluntary resignation is not a personnel action under 5 U.S.C. § 2302(a)(2)). Accordingly, we discern no reason to disturb the administrative judge's well-reasoned findings in this regard. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

The administrative judge correctly determined that the appellant's complaint to DOL in 2012 was not protected activity under 5 U.S.C. § 2302(b)(9)(A)(i).

Regarding the appellant's complaint to DOL in 2012 challenging her nonselection for a number of vacancies, she reasserts her argument raised below that because her complaint implicated the proper application of veterans' preference laws—including the pass-over notification requirement—it was directed at remedying a violation of section 2302(b)(8), and consequently, constituted protected activity under 5 U.S.C. § 2302(b)(9)(A)(i).[4] PFR File, Tab 1 at 5-6, 13-14; IAF, Tab 38 at 6. The administrative judge concluded that

---

*Veterans Affairs*, 77 M.S.P.R. 696, 698 (1998).

the substance of the appellant's complaint to DOL in 2012 did not encompass any of the types of wrongdoing identified in section 2302(b)(8) and that asserting a Veterans Employment Opportunities Act of 1998 (VEOA) violation did not automatically merit section 2302(b)(8) protection because disclosing individual violations of VEOA did not "serve the public interest" or invoke broad public interest concerns. ID at 8-10 (citing *Spruill v. Merit Systems Protection Board*, 978 F.2d 679, 692 (Fed. Cir. 1992)). We agree.

Only appeals, complaints, and grievances seeking to remedy whistleblower reprisal are covered under section 2302(b)(9)(A)(i). *Bishop v. Department of Agriculture*, 2022 MSPB 28, ¶ 15; *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 7 (2013). Filing a complaint in which the appellant did not seek to remedy whistleblower reprisal is outside the scope of section 2302(b)(9)(A)(i), even if the complaint disclosed wrongdoing under section 2302(b)(8). *Bishop*, 2022 MSPB 28, ¶¶ 15-16. As the administrative judge correctly noted, the substance of the appellant's complaint to DOL concerned her allegation that the agency violated her individual veterans' preference rights under VEOA by failing to select her for a number of positions. ID at 8-10; IAF, Tab 57 at 16 (identifying the appellant's complaint that she had been "passed over several times in the past two years" in a correspondence to DOL), Tab 59 at 18-19 (complaining to DOL that she had applied for several positions and had been "continuously denied" employment). Such a complaint is not directed at

---

[4] As the administrative judge noted, the appellant filed her DOL complaint the day before the Whistleblower Protection Enhancement Act of 2012 (WPEA) became effective, and DOL acknowledged receipt the following day. ID at 8 n.2; IAF, Tab 59 at 15. However, all of the information gathered by DOL regarding the complaint was compiled over the following 4 months, and the allegedly retaliatory act—the appellant's removal—was not until 2015. IAF, Tabs 57-59; ID at 8 n.2. Accordingly, we agree that the administrative judge correctly applied the WPEA in analyzing this alleged protected activity. *See Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 49-51 (finding that when an appellant engaged in activities falling within the expanded scope of the WPEA before its December 27, 2012 effective date, and the agency took personnel actions after that date, the Board would apply the WPEA).

remedying whistleblower reprisal, and thus does not constitute protected activity under section 2302(b)(9)(A)(i).[5]

<u>The administrative judge properly concluded that the appellant's OIG complaint was not a contributing factor in her nonselection or removal.</u>

The administrative judge found that, even though the appellant's complaint to OIG in 2004 or 2005 was protected, she nonetheless failed to prove that it was a contributing factor in the agency's decisions not to select her for the MSA position in 2012, and to remove her in 2015. ID at 7-8, 13-16.[6] Because the administrative judge found that the appellant failed to meet her burden of establishing a prima facie case of whistleblowing retaliation, she denied the appellant's request for corrective action. ID at 16-17.

To prevail in an IRA appeal, an appellant also must prove by preponderant evidence that her disclosure was a contributing factor in a personnel action. 5 U.S.C. § 1221(e)(1); *Smith v. Department of the Army*, 2022 MSPB 4, ¶ 19. To prove that a disclosure was a contributing factor in a personnel action, the appellant need only demonstrate the fact of, or the content of, the disclosure was one of the factors that tended to affect the personnel action in any way. *Covington v. Department of the Interior*, 2023 MSPB 5, ¶ 43. One way to establish contributing factor is the knowledge/timing test. *Smith*, 2022 MSPB 4, ¶ 19. The appellant can satisfy the test by proving that the official taking the

---

[5] On December 12, 2017, the National Defense Authorization Act of 2018 amended 5 U.S.C. § 2302(b)(9)(C) to provide that, in addition to the Inspector General of an agency or the Special Counsel, a disclosure to "any other component responsible for internal investigation or review" is also protected. *Edwards*, 2022 MSPB 9, ¶ 29. All of the relevant events in this appeal took place prior to December 12, 2017. We need not decide whether the appellant's 2012 DOL complaint falls within the coverage of the amended section 2302(b)(9)(C) because the statutory provision is not retroactive. *Id.*, ¶¶ 29-33.

[6] Because the administrative judge properly found that the appellant's disclosure to the OIG was protected under 5 U.S.C. § 2302(b)(9)(8), we need not consider whether it was also a protected activity under 5 U.S.C. § 2302(b)(9)(C). *See Pridgen*, 2022 MSPB 31, ¶ 62 (clarifying that under 5 U.S.C. § 2302(b)(9)(C), any disclosure of information to an agency's OIG is protected, regardless of the content).

action had actual or constructive knowledge of the disclosure, and the action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *See id.* (addressing proof of actual knowledge); *Abernathy v. Department of the Army*, 2022 MSPB 37, ¶ 15 (indicating that the knowledge portion of the knowledge/timing test can be met with allegations of either actual or constructive knowledge). However, the knowledge/timing test is not the only way to prove contributing factor. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 14 (2012). The Board will also consider other evidence, such as evidence pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed towards the officials taking the action, and whether these individuals had a desire or motive to retaliate against the appellant. *Id.*, ¶ 15.

In finding that the appellant failed to meet her burden of proving contributing factor, the administrative judge determined that the appellant failed to prove contributing factor based on the knowledge/timing test, citing hearing testimony from all of the agency officials involved in the 2012 nonselection and 2015 removal decisions stating, unequivocally, that they had no knowledge of the appellant's complaint to OIG, which occurred at least 7 years before the earlier of the two personnel actions. ID at 14-15. Specifically, the administrative judge noted that the removal proposing official, who was also the selecting official for the 2012 nonselection vacancy and the appellant's second-level supervisor, convincingly testified that she had no knowledge of the appellant's OIG complaint. ID at 14; IAF, Tab 60, Hearing Compact Disk (HCD) 2 (testimony of the removal proposing official). The administrative judge also cited as persuasive the removal deciding official's testimony that she was unaware of the OIG complaint, and the fact that she did not become the Medical Director until at least 3 years after the disclosure, when the appellant was no longer employed by the agency. ID at 14-15; HCD 2 (testimony of the removal deciding official).

The administrative judge also concluded that to whatever extent the appellant was arguing that either official had constructive knowledge of her OIG complaint, nothing in the record indicated that anyone conveyed any information about the OIG complaint to either official in an effort to influence their decisions to take either personnel action against the appellant. ID at 15-16. Additionally, she specifically rejected the appellant's testimony that an agency EEO official commented about her purported whistleblowing activity, noting that nothing in the record supported the appellant's claim that the official made the statement and the appellant had not alleged that the official conveyed that information to any of the agency officials responsible for the taking the challenged personnel actions. ID at 15-16. Consequently, the administrative judge concluded that nothing in the record or documentary evidence suggested that the agency officials involved in the appellant's 2012 nonselection or her 2015 removal had constructive knowledge of the appellant's OIG complaint or were otherwise influenced by any official with knowledge of her protected activity. ID at 16. The administrative judge's findings in this regard are implicitly based upon the demeanor of these individuals when they testified at the hearing, and thus, we defer to her findings. *See Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1373 (Fed. Cir. 2016) (stating that the Board must defer to an administrative judge's determinations when they are "necessarily intertwined" with an analysis of the witness's demeanor).

Regarding other potential evidence, including the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed towards the officials taking the action, and whether these individuals had a desire or motive to retaliate against the appellant, we have reviewed the record and still conclude that the appellant did not prove contributing factor. *Dorney*, 117 M.S.P.R. 480, ¶ 15. With respect to the appellant's 2012 nonselection, the removal proposing official denied any knowledge about the decision not to select the appellant. HCD 3 (testimony of

the removal proposing official). The removal deciding official also testified that she had no role in the 2012 nonselection decision. HCD 2 (testimony of the removal deciding official).

Additionally, although the agency improperly failed to select the appellant for the 2012 MSA position in favor of a non-veteran without requesting pass-over authority from the Office of Personnel Management, the record reflects that this determination was the result of the agency's mistaken belief that the pass-over requirement did not apply to the "hybrid" Title 38 hiring authority used for the position, and not because of any retaliatory motive. IAF, Tab 57 at 2-7, 17-18. The agency later issued new interim procedures clarifying that pass-over notification was required for all hybrid Title 38 vacancies. *Id.* at 31-35, 37. The fact that the removal proposing official later selected the appellant for the MSA position under another vacancy announcement in April 2013 further supports that the appellant's 2012 nonselection was the result of a mistaken misapplication of the pass-over procedures, as opposed to any potential retaliatory motive by agency officials. IAF, Tab 40 at 337-40; HCD 2 (testimony of the removal proposing official).

The agency's stated reasons for removing the appellant were also strong. The agency removed the appellant for charges of inappropriate and unprofessional behavior, failure to follow a direct order, and absence without leave. IAF, Tab 9 at 16, 20-22. The removal deciding official testified without contradiction that her decision to sustain the removal was based solely on the charged misconduct. HCD 2 (testimony of the removal deciding official). She reviewed each of the specifications of each charge and explained how each instance of misconduct was supported by the provided evidence. HCD 2 (testimony of the removal deciding official); IAF, Tab 1 at 9-15. She also testified that she considered the relevant factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), in deciding to remove the appellant, that the appellant's misconduct was "egregious," and that the ongoing

nature of her misconduct, despite repeated counseling, supported her conclusion that removal was warranted. HCD 2 (testimony of the deciding official); IAF, Tab 1 at 13; *see Coyle v. Department of the Treasury*, 62 M.S.P.R. 241, 246-47 (sustaining the appellant's removal based on a charge of continuous unprofessional conduct); *Hernandez v. Department of Agriculture*, 83 M.S.P.R. 371, ¶¶ 2,7-13 (1999) (finding that failure to follow instructions is a serious charge and, together with a charge of fiscal irregularities, warranted an appellant's removal); *Wilkinson v. Department of the Air Force*, 68 M.S.P.R. 4, 7 (1995) (acknowledging that a failure to follow leave requesting procedures can be a serious act of misconduct); *Redfearn v. Department of Labor*, 58 M.S.P.R. 307, 316 (1993) (holding that an employee's deliberate refusal to follow supervisory instructions constitutes serious misconduct that cannot be condoned).

Finally, the appellant's OIG complaint was not directed at any of the officials responsible for taking either challenged personnel action. The 2004 OIG complaint concerned the improper handling of patient records. IAF, Tab 1 at 26, Tab 11 at 63, Tab 26 at 90. The removal proposing official testified without contradiction that she was in a different reporting chain and did not manage MSAs at the time of the appellant's purported OIG disclosure, and there is no other indication in the record that this disclosure was personally directed at the removal proposing or deciding officials. HCD 2 (testimony of the removal proposing official).

Aside from generally arguing that the administrative judge erred in making these findings and taking issue with her credibility findings, the appellant does not otherwise directly challenge these findings on review, and we see no reason to disturb them. *See Crosby*, 74 M.S.P.R. at 106; *Broughton*, 33 M.S.P.R. at 359. Accordingly, we find no error in the administrative judge's finding that the appellant failed to prove that her OIG complaint was a contributing factor in her 2012 nonselection and 2015 removal.

<u>The appellant's remaining arguments do not provide a basis for Board review.</u>

Finally, on review, the appellant raises a number of additional arguments, including generally questioning the credibility of the agency's witnesses, challenging the merits of the underlying removal action and the individual acts of misconduct detailed in the removal proposal and decision letters, and alleging harmful error and due process violations in the agency's removal decision. PFR File, Tabs 10-12. As previously noted, the administrative judge found the testimony of the agency witnesses credible, and we must defer to those findings. *Purifoy*, 838 F.3d at 1373. Regarding the challenges to the merits of the removal action and other personnel actions, the Board lacks the authority in an IRA appeal to adjudicate the merits of the underlying personnel action; rather, our jurisdiction is limited to adjudicating the whistleblower allegations.[7] *Lu v. Department of Homeland Security*, 122 M.S.P.R. 335, ¶ 7 (2015). Regarding the appellant's harmful error and due process claims, as the administrative judge correctly noted, the Board does not have jurisdiction over such claims in the context of an IRA appeal. ID at 17 n.5; *see Benton-Flores v. Department of Defense*, 121 M.S.P.R. 428, ¶ 6 n.1 (2014); *McCarthy v. International Boundary and Water Commission*, 116 M.S.P.R. 594, ¶ 27 (2011), *aff'd*, 497 F. App'x 4

---

[7] As the administrative judge correctly noted, an employee who is subjected to an appealable personnel action and claims whistleblowing retaliation may elect to pursue one, and only one, of the following remedies: (1) an appeal to the Board; (2) a grievance filed under the provisions of a negotiated grievance procedure; or (3) a complaint seeking corrective action from OSC. *Requena v. Department of Homeland Security*, 2022 MSPB 39, ¶ 7; 5 C.F.R. § 1209.2(d)(1). The remedy first sought by an aggrieved employee is deemed an election of that procedure and precludes pursuing the matter in other fora. *Requena*, 2022 MSPB 39, ¶ 8. We agree with the administrative judge's determination that the appellant elected to seek corrective action from OSC, and that consequently, the Board only has jurisdiction to consider her appeal as an IRA appeal. ID at 3-4. After the initial decision was issued in this case, the Board clarified that the election of forum procedures do not apply to supervisory employees. *Requena*, 2022 MSPB 39, ¶¶ 11-14. Because there is no evidence that the appellant was a supervisor, we find that the *Requena* decision does not affect the administrative judge's reasoning.

(Fed. Cir. 2012). For the foregoing reasons, we deny the petition for review and affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[8]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.