**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2024 MSPB 10**

Docket No. CH-0752-22-0331-I-1

**Christopher J. Andreski,**

**Appellant,**

**v.**

**Department of Justice,**

**Agency.**

May 30, 2024

Scott Graham, Esquire, Portage, Michigan, for the appellant.

Simon Caine and Cedric D. Bullock, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## OPINION AND ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his chapter 75 removal appeal based on his prior election of remedies under 5 U.S.C. § 7121(g).  For the reasons discussed below, we DENY the petition for review and AFFIRM the initial decision as MODIFIED by this Opinion and Order to clarify when an election of the remedy under 5 U.S.C. § 7121(g)(3)(C) is binding.

## BACKGROUND

¶2     On April 8, 2022, the appellant filed a complaint with the Office of Special Counsel (OSC) alleging that the agency took several personnel actions against

him in reprisal for his protected whistleblower activity. *Andreski v. Department of Justice*, MSPB Docket No. CH-1221-22-0418-W-1, Initial Appeal File (0418 IAF), Tab 1 at 7, 15. Effective May 7, 2022, the agency removed the appellant from his GS-13 Criminal Investigator, Deputy U.S. Marshal position based on a charge of medical inability to perform. *Andreski v. Department of Justice*, MSPB Docket No. CH-0752-22-0331-I-1, Initial Appeal File (0331 IAF), Tab 9 at 11, 13-16. The agency's removal decision notified the appellant of his right to appeal the agency's action with the Board or by filing a complaint with OSC and of the effect that his election would have on his appeal rights before the Board. *Id.* at 14-15. The appellant amended his OSC complaint at some point in May 2022 to include his removal. 0418 IAF, Tab 16 at 21, 24-26. On June 2, 2022, OSC advised the appellant that it was terminating its inquiry and provided him with notice of his right to file an individual right of action (IRA) appeal to seek corrective action from the Board. 0418 IAF, Tab 1 at 15.

¶3  On June 6, 2022, the appellant filed the instant Board appeal challenging his removal under chapter 75 and requested a hearing. 0331 IAF, Tab 1 at 2. He did not indicate that he filed a whistleblower complaint with OSC on his appeal form. *Id.* at 7. Subsequently, on August 12, 2022, he filed an IRA appeal wherein he also challenged his removal and requested a hearing. 0418 IAF, Tab 1 at 2. During the pendency of the instant appeal, the administrative judge became aware that he filed a complaint with OSC challenging his removal before he filed this appeal. 0331 IAF, Tab 17 at 1-2. For this reason, she issued an order notifying the parties of the election of remedies issue. *Id.* She explained that the appellant's direct appeal of his removal under chapter 75 may be precluded by 5 U.S.C. § 7121(g)(2) because he filed his OSC complaint first. *Id.* She also allowed the parties to submit briefs on the issue, but neither party responded. *Id.* On October 27, 2022, the administrative judge held a status conference to discuss the election of remedies issue with the parties. 0331 IAF, Tab 18 at 1. During

this conference, the appellant indicated that he understood the election of remedies issue and elected to proceed with his IRA appeal. *Id.*

¶4 Subsequently, the administrative judge issued an initial decision dismissing the instant appeal. 0331 IAF, Tab 22, Initial Decision (0331 ID) at 2, 7. She concluded that the appellant made a knowing election to challenge his removal through the OSC complaint process, precluding this chapter 75 appeal under 5 U.S.C. § 7121(g)(2). 0331 ID at 6. She also found that the appellant confirmed his election to proceed with his IRA appeal during the October 27, 2022 status conference. *Id.*; 0331 IAF, Tab 18 at 1. Accordingly, the administrative judge dismissed the instant appeal based on the appellant's election of remedies and advised that the challenge to his removal would be adjudicated in the context of his IRA appeal. 0331 ID at 6. The administrative judge then dismissed the appellant's IRA appeal for lack of jurisdiction, and the Board denied the appellant's petition for review of that initial decision. *Andreski v. Department of Justice*, MSPB Docket No. CH-1221-22-0418-W-1, Final Order (May 30, 2024).

¶5 The appellant has filed a petition for review of the initial decision dismissing his removal appeal. *Andreski v. Department of Justice*, MSPB Docket No. CH-0752-22-0331-I-1, Petition for Review (PFR) File, Tab 1 at 3-5. The agency has filed a response addressing the appellant's IRA appeal. PFR File, Tab 3.

## ANALYSIS

We clarify that an election to pursue a remedy with OSC is effective upon making a complaint to OSC and is not contingent on whether the Board has jurisdiction over the appellant's subsequent IRA appeal.

¶6 Under 5 U.S.C. § 7121(g), an appellant who has been subjected to an action appealable to the Board and alleges that he has been affected by a prohibited personnel practice other than a claim of discrimination under 5 U.S.C. § 2302(b)(1) may elect one, and only one, of the following remedies: (1) an appeal to the Board under 5 U.S.C. § 7701; (2) a grievance filed under the

provisions of a negotiated grievance procedure; or (3) a complaint following the procedures for seeking corrective action from OSC under 5 U.S.C. chapter 12, subchapters II and III. *Agoranos v. Department of Justice*, 119 M.S.P.R. 498, ¶ 14 (2013); *see* 5 C.F.R. § 1209.2(d)(1). Whichever remedy is sought first is deemed an election of that procedure and precludes pursuing the matter in either of the other two forums. *Sherman v. Department of Homeland Security*, 122 M.S.P.R. 644, ¶ 12 (2015). However, for an election of an option to be binding, it must be knowing and informed. *Agoranos*, 119 M.S.P.R. 498, ¶ 16.

¶7    An individual who first requests corrective action from OSC will be deemed to have made a binding election to proceed in that forum. *Agoranos*, 119 M.S.P.R. 498, ¶ 14; 5 C.F.R. § 1209.2(d). In such a case, the procedures for an IRA appeal apply, even if the contested personnel action would have been directly appealable to the Board. 5 C.F.R. § 1209.2(d)(2). In adjudicating the merits of such an IRA appeal, the Board will limit its inquiry to issues listed at 5 U.S.C. § 1221(e) and will not consider affirmative defenses. 5 C.F.R. § 1209.2(c). On review, the appellant challenges the administrative judge's finding that his chapter 75 appeal was precluded by 5 U.S.C. § 7121(g)(2) because he made a knowing election to seek corrective action with OSC by asserting that "the [administrative judge] did not correctly apply the law to the facts." PFR File, Tab 1 at 4. The appellant's argument is without merit.

¶8    The undisputed record evidence shows that before filing his direct appeal with the Board under chapter 75, the appellant amended his existing OSC complaint to allege that the agency removed him in reprisal for his protected whistleblowing. 0331 ID at 5-6; 0418 IAF, Tab 1 at 7-8, 15, Tab 6 at 4-5, Tab 16 at 21. Further, the appellant decided to proceed with his IRA appeal during the October 27, 2022 status conference. 0331 ID at 6; 0331 IAF, Tab 18 at 1. Therefore, we find no error in the administrative judge's finding that the appellant made a knowing election to pursue corrective action with OSC. 0331 ID at 6. However, it does not appear that the Board has made a

pronouncement in a precedential decision as to whether an appellant's election of remedy to proceed with OSC is binding when, as here, his subsequent IRA appeal is dismissed for lack of jurisdiction. Accordingly, although neither party specifically disputes this election of remedies issue, we take the opportunity to address the issue here.

¶9 There is case law stating that a forum that lacks jurisdiction is not a true election and, thus, is not binding. *E.g.*, *Kerr v. Merit Systems Protection Board*, 908 F.3d 1307, 1315 (Fed. Cir. 2018) (stating that, "[u]nder our precedent, election of a review route that cannot afford a remedy (e.g., no jurisdiction over the claim) will generally not foreclose access to a route that can provide a remedy"); *Shannon v. Department of Homeland Security*, 100 M.S.P.R. 629, ¶ 17 (2005) (analyzing 5 U.S.C. § 7121(g)(4)(A) to find that, if jurisdiction never attached, the original appeal was not a true choice among viable alternatives and, thus, cannot serve as an election of remedies under section 7121(g)). In such cases, however, the employees' election of remedies was not binding because the elected forum did not have and could not assert jurisdiction over the employees' claims. We find that this is inapplicable here because the Board has jurisdiction over an IRA appeal if the appellant establishes the jurisdictional requirements. *See McCray v. Department of the Army*, 2023 MSPB 10, ¶ 11; *see also* 5 U.S.C. §§ 1214(a)(3), 1221(a), (e)(1); 5 C.F.R. § 1209.2.

¶10 Therefore, we take this opportunity to clarify that the clear language of 5 U.S.C. § 7121(g)(4)(C) provides that an election of the remedy to seek corrective action with OSC is effective upon making a complaint to OSC. The election is not contingent on whether the Board has jurisdiction over an appellant's subsequent IRA appeal. Thus, under the statute, the appellant's election is binding upon making a complaint to OSC even when, as here, the Board finds that it lacks jurisdiction over the appellant's subsequently filed IRA appeal. Based on the above analysis, we deny the appellant's petition for review

and find that his binding election precludes Board jurisdiction over his removal appeal.

## ORDER

This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

## NOTICE OF APPEAL RIGHTS[1]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the

---

[1] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[2]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[2]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

_Gina K. Grippando_

Gina K. Grippando
Clerk of the Board
Washington, D.C.