**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2026 MSPB 5**

Docket No. DC-0752-25-0273-I-1

**Denise Davis,**

**Appellant,**

**v.**

**Department of Defense,**

**Agency.**

June 9, 2026

Laura A. O'Reilly, Esquire, Virginia Beach, Virginia, for the appellant.

Samuel Lazzaro and Emily Cook, Esquire, Fort Meade, Maryland,
   for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## OPINION AND ORDER

¶1    The agency petitions for review of the initial decision, which reversed its action terminating the appellant from her position. For the following reasons, we DENY the appellant's motion to dismiss the agency's petition for review for failure to provide interim relief and DENY the agency's petition for review. We AFFIRM the initial decision AS MODIFIED by this Opinion and Order, providing additional analysis in support of the initial decision and still reversing the agency's action. This Opinion and Order addresses the novel question of whether a preference eligible in the U.S. Cyber Command has Board appeal rights despite not having completed the statutorily required 3-year probationary period.

BACKGROUND

¶2    The agency appointed the appellant, a preference eligible, to a GG-2210-12 IT Cybersecurity Specialist position in the excepted service with the Defense Information Systems Agency (DISA) pursuant to 10 U.S.C. § 1599f, effective October 11, 2021.  Initial Appeal File (IAF), Tab 5 at 27.  The appointment was subject to the completion of a 3-year initial probationary period.  *Id.*  On August 26, 2024, approximately 34 months later, the agency terminated the appellant during her probationary or trial period.  *Id.* at 13-16.  The agency did not afford the appellant an opportunity to respond to the termination notice before its effective date.  IAF, Tab 5 at 14-16, Tab 14, Initial Decision (ID) at 3.

¶3    The appellant filed a Board appeal on January 9, 2025, arguing that she was an "employee" under 5 U.S.C. § 7511(a)(1)(B), regardless of her 3-year probationary period, and that the agency erred by removing her without providing her with an opportunity to respond to the termination notice and with notice of her adverse action appeal rights.  IAF, Tab 1 at 1, Tab 13 at 4-12.  The agency moved to dismiss the appeal for lack of jurisdiction and as untimely filed with no showing of good cause for the delay.  IAF, Tab 5 at 8-10, Tab 12 at 6-15.

¶4    Based on the written record, the administrative judge issued an initial decision finding good cause for the filing delay because the agency did not notify the appellant of her Board appeal rights when it was required to do so.  ID at 1, 3.  He also held that the appellant was an employee under 5 U.S.C. § 7511(a)(1)(B) and Congress did not exclude such employees from coverage at 5 U.S.C. § 7511(b).  ID at 2-3.  He therefore ordered the agency to cancel her termination and retroactively restore her effective August 26, 2024, because the agency did not provide the procedural protections afforded by 5 U.S.C. § 7513.  ID at 3-4.  The administrative judge ordered the agency to provide interim relief if either party filed a petition for review.  ID at 5.

¶5    The agency has timely petitioned for review.  Petition for Review (PFR) File, Tab 1.  The appellant has submitted a timely response, which includes a

motion to dismiss the agency's petition for review for failure to provide interim relief. PFR File, Tab 3. The agency has timely replied. PFR File, Tab 4.

## ANALYSIS

The agency complied with the administrative judge's interim relief order.

¶6 If an appellant was the prevailing party in the initial decision, and the initial decision granted the appellant interim relief under 5 U.S.C. § 7701(b)(2)(A), an agency's petition for review must be accompanied by a certification that the agency has complied with the interim relief order. *Starkey v. Department of Housing and Urban Development*, 2024 MSPB 6, ¶ 12; 5 C.F.R. § 1201.116(a). In its petition for review, the agency asserts that it complied with the interim relief order. PFR File, Tab 1 at 6-7, 16-19.

¶7 If the agency files a petition for review and the appellant believes the agency has not provided the required interim relief, she may request dismissal of the agency's petition. 5 C.F.R. § 1201.116(c). The Board may dismiss an agency's petition for review if it finds the agency to be in noncompliance with its interim relief obligations. *Smith v. Department of the Army*, 2022 MSPB 4, ¶ 12. In her motion to dismiss the agency's petition for review, the appellant asserts that the agency has not complied with the interim relief order because the agency sent her home from work and did not provide full pay. PFR File, Tab 3 at 4. Specifically, she states that the agency incorrectly charged her for 6 hours of annual leave and 10 hours of leave without pay (LWOP) without explanation. *Id.* at 4, 16.

¶8 In sworn statements included with its reply brief, the agency acknowledges the error regarding the contested annual leave and LWOP. PFR File, Tab 4 at 25. The agency maintains that the error has been corrected and would be reflected in the appellant's next leave and earnings statement. *Id.* As for the appellant's duty status, the agency explains that her position and all others within DISA require a security clearance. *Id.* at 22. However, the appellant's security clearance was declared as a "loss of jurisdiction" on October 11, 2024, and must be

readjudicated favorably for her to regain access. *Id.* In the meantime, the agency placed the appellant on administrative leave. *Id.* at 24.

¶9 The U.S. Supreme Court has held that the Board does not have the authority to review the substance of a security clearance determination. *Department of the Navy v. Egan*, 484 U.S. 518, 530-31 (1988). Because the agency has acknowledged and corrected its leave error, has provided evidence that the appellant has been placed on paid administrative leave since the date of the initial decision as a result of a security clearance-related undue disruption determination, PFR File, Tab 4 at 10-11, 24; *see* 5 U.S.C. § 7701(b)(2)(A)(ii), and we do not have the authority to review issues related to the appellant's security clearance, we deny the appellant's motion to dismiss the agency's petition for review.

The appellant demonstrated good cause for the delay in filing her appeal.

¶10 The agency asserts on review that the appellant did not show good cause for the over 4-month delay in filing her appeal. PFR File, Tab 1 at 7-11. It acknowledges that it did not provide her with notice of Board appeal rights but argues that she did not act diligently in filing an appeal after the Board, in response to her inquiry, sent her a November 4, 2024 email providing information regarding the process for filing a Board appeal. *Id.* at 8-9.

¶11 An appeal of an agency's decision must be filed no later than 30 days after the effective date of the action being appealed, or 30 days after the date the agency's decision is received, whichever is later. 5 C.F.R. § 1201.22(b). If an appellant does not timely submit an appeal, it will be dismissed as untimely filed absent a showing of a good reason for the delay. 5 C.F.R. § 1201.22(c).

¶12 The appellant filed her appeal over 4 months late. However, an agency's failure to notify an employee of her Board appeal rights under circumstances requiring it to do so, as explained more fully below, will generally justify a waiver of the filing deadline. *See Johnson v. U.S. Postal Service*, 105 M.S.P.R. 654, ¶ 6 (2007). Notice from a source other than the agency of a general appeal right to the Board does not excuse the agency's failure to inform the

employee of her appeal rights when the notice does not inform the employee of the time limit for filing an appeal to the Board and lacks other information on where and how to file such an appeal. *Id.*, ¶ 7. Moreover, a notice of appeal rights may be "sufficiently ambiguous" to not properly discharge the agency's notice obligation set forth at 5 C.F.R. § 1201.21. *Walls v. Merit Systems Protection Board*, 29 F.3d 1578, 1583 (Fed. Cir. 1994).

¶13 Here, the November 4, 2024 email from the Board was sufficiently ambiguous under the circumstances to not discharge the agency's notice obligation. That email, among other things, informed the appellant that the Board has jurisdiction over terminations of employment "after completion of a probationary or other initial service period," and that an employee who believes that an action not typically appealable to the Board resulted from whistleblowing or other protected activity "must first file a claim with the Office of Special Counsel (OSC)" and then file an individual right of action (IRA) appeal "[i]f OSC does not seek a remedy on the employee's behalf." IAF, Tab 8 at 73. The appellant avers under penalty of perjury that this email confused her because she had been terminated during her 3-year probationary period and had already filed a complaint with OSC; thus, she believed that she needed to wait until OSC determined whether it would seek a remedy on her behalf. *Id.* at 10. Given the lack of agency notice when it was required, the ambiguous nature of the Board's November 4, 2024 email, the appellant's pro se status, and her demonstrated history of seeking relief from other entities before filing this appeal, such as from the agency's Inspector General and OSC, we find that she exercised due diligence and ordinary prudence and otherwise established good cause for the delay. *See Sherman v. U.S. Postal Service*, 118 M.S.P.R. 265, ¶ 13 (2012) (finding good cause for a filing delay based in part on confusion arising from an ambiguous Board filing deadline).

**The appellant is not precluded from challenging her termination even though she first elected another remedy.**

¶14    The agency next argues that the appellant made a binding election by filing a whistleblower retaliation complaint with OSC, her appeal is limited to the issues underlying an IRA appeal, and the Board therefore lacks jurisdiction over her direct appeal of the termination. PFR File, Tab 1 at 11-12. We disagree.

¶15    Under 5 U.S.C. § 7121(g), an appellant who has been subjected to an action appealable to the Board and who alleges that she has been affected by a prohibited personnel practice other than a claim of discrimination under 5 U.S.C. § 2302(b)(1) may elect not more than one of the following remedies: (1) an appeal to the Board under 5 U.S.C. § 7701; (2) a grievance filed under the provisions of a negotiated grievance procedure; or (3) a complaint following the procedures for seeking corrective action from OSC. *Andreski v. Department of Justice*, 2024 MSPB 10, ¶ 6; *see* 5 C.F.R. § 1209.2(d)(1). Whichever remedy is sought first is deemed an election of that procedure and precludes pursuing the matter in either of the other two forums. *Andreski*, 2024 MSPB 10, ¶ 6. However, for an election to be binding, it must be knowing and informed. *Id.*

¶16    When an agency issues a decision notice to an employee on a matter appealable to the Board, it must provide the employee with notice of the available avenues of relief and the preclusive effect any election will have on the employee's Board appeal rights. *Kaszowski v. Department of the Air Force*, 2023 MSPB 15, ¶ 5; *see* 5 C.F.R. § 1201.21(d)(1). When an agency takes an action without informing the appellant of her procedural options under section 7121 and the preclusive effect of electing one of those options, any subsequent election by the appellant is not binding. *Kaszowski*, 2023 M.S.P.R. 15, ¶ 5.

¶17    Here, the appellant filed a complaint with OSC no later than October 30, 2024, which preceded her January 9, 2025 Board appeal. IAF, Tab 1 at 1, Tab 8 at 71. She informed OSC that she may have been terminated in reprisal for whistleblower disclosures. IAF, Tab 8 at 67. Although the agency asserts that

the appellant made a knowing election to seek a remedy with OSC because its termination notice informed her that doing so would preclude later claims before the Board that were not raised with OSC, PFR File, Tab 1 at 11-12, the notice did not include such language, IAF, Tab 5 at 14-16.  Instead, it informed the appellant that she could challenge her termination through the equal employment opportunity process or an OSC complaint without informing her that she could file a direct challenge of the action with the Board.[1]  *Id*. at 15.  Because the agency did not apprise her of a Board appeal right, the appellant did not make a knowing and informed election and did not waive her right to file the appeal before us.  *See Kaszowski*, 2023 MSPB 15, ¶ 7.

The Board has jurisdiction over this appeal even though the appellant did not complete her 3-year probationary period under 10 U.S.C. § 1599f(i).

¶18    This appeal addresses the interpretation of 10 U.S.C. § 1599f(i) and 5 U.S.C. § 7511(a)(1)(B), an issue of first impression.  Congress enacted section 1599f as part of the National Defense Authorization Act for Fiscal Year 2016 (NDAA of 2016), Pub. L. No. 114-92, § 1107, 129 Stat. 726, 1024-27 (2015).  Section 1599f contains provisions related to recruitment and retention for the U.S. Cyber Command.  Section 1599f(i) provides that "[t]he probationary period for all employees hired under the authority established in this section shall be [3] years."[2]  This reference to "all employees" would include preference eligibles like the appellant.  Nevertheless, under 5 U.S.C. § 7511(a)(1)(B), an "employee"[3] with

---

[1] The agency also asserts that the Board's November 4, 2024 email to the appellant informed her that an IRA appeal would be limited to the claims raised before OSC.  PFR File, Tab 1 at 12.  The responsibility for providing proper notice, however, was on the agency.  *See* 5 C.F.R. § 1201.21(d).  In any event, the Board's email postdated the appellant's complaint to OSC and thus could not have placed her on proper notice.

[2] The provision at 10 U.S.C. § 1599f(i) was originally codified at 10 U.S.C. § 1599f(h).  NDAA of 2016, § 1107.  The National Defense Authorization Act for Fiscal Year 2017 redesignated it as section 1599f(i).  Pub. L. No. 114-328, § 1103, 130 Stat. 2000, 2444 (2016).

[3] Congress enacted the definitions of "employee" under section 7511(a) as part of the Civil Service Reform Act of 1978, Pub. L. No. 95-454, § 204, 92 Stat. 1111, 1134-35

Board appeal rights is defined as "a preference eligible in the excepted service who has completed 1 year of current continuous service in the same or similar positions" in an Executive agency.[4]  5 U.S.C. § 7511(a)(1)(B).  The agency argued below that the Board lacked jurisdiction over this appeal because the appellant had not completed her 3-year probationary period at the time of her termination, section 1599f set forth no exceptions to this probationary requirement for preference eligibles and no references to 5 U.S.C. § 7511, and applying section 7511(a)(1)(B) in this context would render the 3-year probationary period "superfluous and meaningless."[5]  IAF, Tab 12 at 6-12.

¶19    The decision of the U.S. Court of Appeals for the Federal Circuit in *Lal v. Merit Systems Protection Board*, 821 F.3d 1376 (Fed. Cir. 2016), is instructive and binding precedent for the Board in this case.  In *Lal*, the court addressed whether a distinguished consultant with the Centers for Disease Control, appointed in the excepted service pursuant to 42 U.S.C. § 209(f) "without regard to the civil service laws," nevertheless had Board appeal rights.  *Id.* at 1377-78.  The

---

(1978), as amended by the Civil Service Due Process Amendments Act, Pub. L. No. 101-376, § 2, 104 Stat. 461 (1990).

[4] For nonpreference eligibles in the excepted service, an "employee" is defined as an individual "who is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service" or "who has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less."  5 U.S.C. § 7511(a)(1)(C).

[5] The agency did not raise this jurisdictional argument on review.  PFR File, Tab 1 at 5-15.  Its failure to do so is consistent with an internal agency rule governing personnel management, which acknowledges the 3-year probationary period for Cyber Excepted Service employees but states that they nevertheless have adverse action appeal rights if they are preference eligibles meeting the definition of "employee" at 5 U.S.C. § 7511(a)(1)(B).  Department of Defense Instruction No. 1400.25, vol. 3005, § 3.15 (Aug. 15, 2017), *available at* https://www.esd.whs.mil/Portals/54/Documents/DD/ issuances/140025/140025_vol3005.PDF?ver=t7ZhVKhkhpWJENBRWJXAIw%3d%3d (last accessed June 8, 2026); *see* 5 C.F.R. § 1201.64 (stating that the Board may take official notice of matters that can be verified).  In any event, we take this opportunity to address this previously disputed jurisdictional question.  *Waldrop v. U.S. Postal Service*, 72 M.S.P.R. 12, 15 (1996) (recognizing that the Board may raise the matter of its own jurisdiction at any time).

court held that, because Ms. Lal was affected by an action appealable to the Board and fit within the statutory definition of "employee," she was entitled to appeal rights "unless otherwise excepted by statute." *Id.* at 1378. The court noted that the relevant language of section 209(f) spoke only in terms of appointment authority and did not discuss the removal of an employee. *Id.* The court also recognized that certain categories of employees were excluded from Title 5 protections under 5 U.S.C. § 7511(b). *Id.* at 1379-80. Because Ms. Lal met the definition of "employee" in 5 U.S.C. § 7511(a) and did not fall within one of the enumerated excluded categories of individuals in section 7511(b), and given that section 209(f) did not address removals, she had appeal rights to the Board. *Id.* at 1380; *see King v. Briggs*, 83 F.3d 1384, 1388 (Fed. Cir. 1996) (finding that, because 29 U.S.C. § 783(a)(1) (1994) gave the National Council on Disability the option of disregarding only certain parts of Title 5 which did not include removal protections or the definition of employee in section 7511, it did not exempt the Executive Director from the broad reach of 5 U.S.C. § 7511(a)(1)(C)). The court in *Lal* relied on the reasoning in *Todd v. Merit Systems Protection Board*, 55 F.3d 1574 (Fed. Cir. 1995), for the proposition that, "absent a specific exclusion of appeal rights or exemption from § 7511's definition of employee, a statute exempting an appointment from the civil-service laws cannot escape the broad reach of the Due Process Amendments and therefore does not strip the Board of jurisdiction to hear an appeal from an adverse action." *Lal*, 821 F.3d at 1379-80.

¶20 In *Todd*, 55 F.3d at 1577-78, by contrast, the court analyzed 20 U.S.C. § 241(a) (repealed 1994), which permitted certain local installations to "employ personnel whose 'compensation, tenure, leave, hours of work, and other incidents of the employment relationship may be fixed without regard to the Civil Service Act and rules and the following: . . . (4) sections . . . 7511, 7512, and 7701 of Title 5.'" The court in *Todd* found this statutory language sufficient to exempt the petitioner from Board appeal rights. *Id.*; *see Bennett v. Merit Systems Protection Board*, 635 F.3d 1215, 1219-20 (Fed. Cir. 2011) (holding that a statute that

explicitly included the authority to appoint and remove without regard to the provisions of Title 5 governing appointments in the competitive service was sufficient to exempt the position from Board appeal rights).

¶21 Here, although there is no statement within the provisions of 10 U.S.C. § 1599f indicating that appointments are made without regard to civil service laws as there was in *Lal*, that section similarly does not address the removal of U.S. Cyber Command employees like the appellant. *See, e.g.*, 10 U.S.C. § 1599f(a)(2) (providing that the authority of the Secretary applies "without regard to the provisions of any other law relating to the appointment, number, classification, or compensation of employees").[6] Moreover, the underlying principle of *Lal* applies here such that the mere establishment of a 3-year probationary period for U.S. Cyber Command employees like the appellant does not serve to extinguish her Board appeal rights absent an exclusion from the definition of "employee" at 5 U.S.C. § 7511(b) or some other indication within 10 U.S.C. § 1599f itself or some other law indicating that U.S. Cyber Command employees lack Board appeal rights when adverse actions are taken against them.

¶22 Congress knows how to exempt a civil service position from the protections found in chapters 75 and 77 of Title 5 if it so desires. *Briggs*, 83 F.3d at 1388. For example, Congress's treatment of a similar provision in the NDAA of 2016 further supports our decision. Section 1105 of the NDAA of 2016 enacted 10 U.S.C. § 1599e, which increased the duration of probationary periods for appointments in competitive service positions within the agency from 1 year to 2 years.[7] Section 1105 also amended the definition of "employee" to incorporate the 2-year probationary period from section 1599e by adding "except as provided in

---

[6] The statute identifies the U.S. Cyber Command as falling under the purview of the "Department of Defense" and the "Secretary of Defense." In the time since its passage, the President issued an executive order providing that "[t]he Department of Defense and the Office of the Secretary of Defense may be referred to as the Department of War and the Office of the Secretary of War" in certain contexts. Exec. Order 14347, 90 Fed. Reg. 43893 (Sep. 5, 2025). All references to Department of Defense regulations and laws governing the same are still in effect.

section 1599e of [T]itle 10" to 5 U.S.C. § 7511. "[When] Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23 (1983); *see Hyundai Steel Co. v. United States*, 19 F.4th 1346, 1353 (Fed. Cir. 2021). This presumption is particularly strong here because sections 1599e and 1599f are in adjacent sections of the same Act, and Congress gave no indication that it wanted to modify the definition of "employee" in 5 U.S.C. § 7511 to incorporate section 1599f like it did with section 1599e. To the extent that Congress intended to override 5 U.S.C. § 7511(a)(1)(B) and limit the appeal rights of preference eligibles like the appellant who are terminated while serving their 3-year probationary period, any such intent may be effectuated by Congress in the first instance in a manner consistent with the decisions in *Lal* and *Todd*.[8]

## ORDER

¶23 We ORDER the agency to cancel the termination action and retroactively restore the appellant to her GG-2210-12 IT Cybersecurity Specialist position, effective August 26, 2024. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶24 We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this

---

[7] The National Defense Authorization Act for Fiscal Year 2022, Pub. L. No. 117-81, § 1106, 135 Stat. 1541, 1950 (2021), repealed 10 U.S.C. § 1599e and removed the reference to this 2-year probationary period from 5 U.S.C. § 7511.

[8] Repeal by implication is invoked only when an enactment is irreconcilable with an earlier statute, or the enactment so comprehensively covers the subject matter of the earlier statute that it must have been intended as a substitute. *Todd*, 55 F.3d at 1577. In either case, Congress' intention to repeal the earlier law must be "clear and manifest." *Id.* (citation omitted). There is no clear and manifest intention here.

decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶25 We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶26 No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶27 For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

¶28 This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

## NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[9]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[9] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).

If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[10]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[10]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*
_____
Gina K. Grippando
Clerk of the Board
Washington, D.C.